UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | | | |
|---|---|---|---|
| JERRY HILL, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | Nos. | 4:06-CR-33-HSM-CHS-1 |
| | ) | | 4:16-CV-46-HSM |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

## **MEMORANDUM OPINION**

Before the Court is the United States' motion to deny and dismiss Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 36]. Petitioner submitted the petition on June 6, 2016 [Doc. 31]. In it, he: (1) challenges his enhancement under Section 4B1.1 of the United States Sentencing Guidelines based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the residual provision of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), was unconstitutionally vague [*Id.* (suggesting that his sentence is no longer valid because the Guidelines residual provision is equally vague)]; and (2) argues that counsel was constitutionally defective because he did not object to the same at sentencing [*Id.*].[1]

---

[1] The ACCA mandates a fifteen-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in *Johnson*. 135 S. Ct. at 2563.

I.      **BACKGROUND**

In 2007, Petitioner pled guilty to two counts of distributing cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) [Presentence Investigation Report (PSR) ¶¶ 1–3; Docs. 14–18]. Based on six prior Tennessee convictions for drug-trafficking [PSR ¶¶ 38–40, 42, 45, 47], the United States Probation Office deemed Petitioner to be a career offender [*Id.* ¶¶ 27, 73]. In accordance with that designation, this Court sentenced Petitioner to 188 months' imprisonment [Doc. 23]. Petitioner appealed, but the Sixth Circuit affirmed his conviction, career offender designation, and sentence on July 31, 2008 [Doc. 29]. Petitioner did not seek a writ of certiorari.

The Supreme Court decided *Johnson* on June 26, 2015. Less than one year later—on June 6, 2016, Petitioner filed the instant petition challenging his career offender designation based on that decision [Doc. 31]. The United States responded in opposition to the petition on February 21, 2017 [Doc. 34]; Petitioner did not reply in the time allowed for doing so. E.D. Tenn. L.R. 7.1, 7.2.

On March 6, 2017, the Supreme Court decided *Beckles* and held in that decision that the United States Sentencing Guidelines are "not amenable to vagueness challenges." *Id.* at 894. Shortly thereafter—on March 28, 2017, the United States filed the instant motion to dismiss Petitioner's collateral challenge to his career offender designation in light of *Beckles* [Doc. 36].

II.     **MOTION TO DENY AND DISMISS WITH PREJUDICE**

---

Section 4B1.1 enhances a defendant's offense level if he or she qualifies as a "career offender," i.e., adult defendant whose offense of conviction is a "crime of violence or controlled substance offense" and who has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S. Sentencing Manual § 4B1.1(a). "Crime of violence" under the Guidelines is defined in an almost identical manner as "violent felony" under the ACCA. *See* U.S. Sentencing Manual § 4B1.2(a) (adopting identical use-of-force and residual clauses as well as a nearly identical enumerated-offense clause).

2

The United States filed the motion to deny and dismiss Petitioner's collateral in light of *Beckles* on March 28, 2016 [Doc. 36]. Petitioner has not filed a response and the time for doing so has now passed [Doc. 38]. This Court interprets the absence of a response as a waiver of opposition. *See, e.g.*, *Notredan, LLC v. Old Republic Exch. Facilitator Co.*, 531 F. App'x 567, 569 (6th Cir. 2013) (explaining that failure to respond or otherwise oppose a motion to dismiss operates as both a waiver of opposition to, and an independent basis for granting, the unopposed motion); *see also* E.D. Tenn. L.R. 7.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought"). The unopposed motion to dismiss will be granted.

### III. PETITION FOR COLLATERAL RELIEF

Even if Petitioner had objected to the United States' motion to deny and dismiss, the petition would fail as a matter of law.

#### A. Standard of Review

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

#### B. Career Offender Designation After *Johnson*

3

To the extent that Petitioner argues that *Johnson* invalidated the Guidelines residual clause and that his prior Tennessee convictions for drug trafficking cannot be categorized as crimes of violence without that provision, that argument fails because the Guidelines are "not amenable to vagueness challenges." *Beckles*, 137 S. Ct. at 894. Because *Johnson* did not affect his status as a career offender, that decision cannot serve as a basis for granting relief. Even if it did, all six of his prior convictions remains controlled substance offenses under Section 4B1.1(a)(3).[2] *See, e.g.*, *United States v. Jenkins*, 613 F. App'x 754, 755 (10 th Cir. 2015) (explaining that the *Johnson* decision is "irrelevant" where the sentencing enhancement stemmed from prior drug offenses).

**C. Ineffective Assistance of Counsel**

A petitioner alleging ineffective assistance of counsel must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1987). *See also, Huff v. United States*, 734 F.3d 600, 606 (6th Cir. 2013). First, the petitioner must establish, by identifying specific acts or omissions, that counsel's performance was deficient and that counsel did not provide "reasonably effective assistance," *Id.*, as measured by "prevailing professional norms," *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). Counsel is presumed to have provided effective assistance, and the petitioner bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616–17 (6th Cir. 2003); *see also Strickland*, 466 U.S. at 689 (a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional

---

[2] "Controlled substance offense" is defined as any offense "punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." U.S. Sentencing Manual § 4B1.2(b). "Crime of violence" is defined in an almost identical manner as "violent felony" under the ACCA. *See* U.S. Sentencing Manual §4B1.2(a) (adopting identical use-of-force and residual clauses as well as a nearly identical enumerated-offense clause).

assistance; that is, the defendant must overcome the presumption that . . . the challenged action might be considered sound . . . strategy" (internal citation omitted)).

Second, the petitioner must demonstrate "a reasonable probability that, but for [counsel's acts or omissions], the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691; *see also Smith v. Robbins*, 528 U.S. 259, 285–86 (2000). If a petitioner fails to prove that he sustained prejudice, the Court need not decide whether counsel's performance was deficient. *See United States v. Hynes*, 467 F.3d 951, 970 (6th Cir. 2006) (holding that alleged "flaws" in trial counsel's representation did not warrant a new trial where the claims, even if true, did not demonstrate that the jury would have reached a different conclusion).

To the extent that Petitioner faults counsel for not challenging his career offender designation at the sentencing hearing, that ground fails because *Johnson* had no impact on the propriety of his career offender designation. As a result, counsel's failure to raise an objection based on that decision could not have resulted in prejudice and this Court need not address whether the omission amounted to a deviation from professional norms. *See, e.g.*, *Hoffner v. Bradshaw*, 622 F.3d 487, 499 (6th Cir. 2010) (explaining that counsel cannot be held constitutionally ineffective for failing to pursue a meritless claim or raise a meritless objection).

To the extent that Petitioner suggests that counsel should have predicted what would have amounted to a change in the definition of crime of violence, he is equally mistaken. The Court sentenced Petitioner on May 21, 2007, roughly eight years before the Supreme Court decided *Johnson*. Even if that decision had somehow changed what offenses are capable of serving as career offender predicates—it did not, failure to predict that change would not have been

ineffective assistance. *See, e.g.*, *Green v. Johnson*, 116 F.3d 1115, 1125 (5th Cir. 1997) ("[T]here is no general duty on the part of defense counsel to anticipate changes in the law."); *Alcorn v. Smith*, 781 F.2d 58, 62 (6th Cir. 1986) (noting non-egregious "errors such as failure to perceive or anticipate a change in the law . . . cannot be considered ineffective assistance of counsel").

## IV. CONCLUSION

Because *Beckles* forecloses *Johnson*-based collateral relief from Guideline enhancements and because this Court interprets Petitioner's failure to respond to the request for dismissal as a waiver of opposition, the United States' unopposed motion to deny and dismiss [Doc. 36] will be **GRANTED** and Petitioner's § 2255 motion [Doc. 31] will be **DENIED and DISMISSED WITH PREJUDICE**. This Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**ORDER ACCORDINGLY.**

                                        */s/ Harry S. Mattice, Jr.*
                                        HARRY S. MATTICE, JR.
                                        UNITED STATES DISTRICT JUDGE